**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| ISMAEL TORRES FIGUEROA,<br>　　　Petitioner, | §<br>§<br>§ | |
| v. | § | Civil Action No. 4:05-CV-074-Y |
| | § | |
| DOUGLAS DRETKE, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, CORRECTIONAL INSTITUTIONS<br>DIVISION<br>　　　Respondent. | §<br>§<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. Nature of the Case

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. Parties

Petitioner Ismael Torres Figueroa, TDCJ-ID #680585, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and is presently incarcerated in Midway, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURE HISTORY

On August 8, 1994, pursuant to a plea agreement, Figueroa pled guilty to aggravated sexual assault of a child in the 213th District Court of Tarrant County, Texas, and was sentenced to fifteen years' confinement. (State Habeas R. at 14-19.) Figueroa did not appeal his conviction. On August 26, 2002, Figueroa filed a motion for forensic DNA testing under chapter 64 of the Texas Code of Criminal Procedure in the state trial court. (Clerk's R. at 2.) The trial court denied the motion on January 17, 2003, because the physical evidence collected in the case had been destroyed on August 16, 1994. (*Id.* at 17.) The Second District Court of Appeals affirmed the trial court's judgment on November 13, 2003. *Figueroa v. Texas*, No. 2-03-064-CR, slip op. (Tex. App.–Fort Worth Nov. 13, 2003) (not designated for publication). On April 28, 2004, the Texas Court of Criminal Appeals denied Figueroa's petition for discretionary review. *Figueroa v. Texas*, PDR No. 2094-03. Thereafter, Figueroa filed a state habeas application raising the issue presented, which was denied without written order by the Court of Criminal Appeals on December 15, 2004. *Ex parte*, No. 60,462-01. He filed this federal petition for writ of habeas corpus on January 29, 2005.

D. DISCUSSION

Under chapter 64 of the Texas Code of Criminal Procedure, a state convicting court may order postconviction DNA testing if certain requirements are satisfied. TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(A),(B) (Vernon Supp. 2004-05). Those requirements include a finding that the evidence still exists and is in a condition making DNA testing possible and a finding that identity was or is an issue in the case. *Id.* Figueroa claims the trial court abused its discretion by denying his request for DNA testing because he "can show an identity issue, thus showing an actual innocence claim." The affidavit of the property custodian for the Arlington Police Department,

2

however, shows that all biological evidence relating to Figueroa's case was destroyed prior to the effective date of article 38.39 of the Texas Code of Criminal Procedure (entitled, "Preservation of Evidence Containing Biological Material")." A court does not abuse its discretion, by denying relief that is impossible to grant. Absent the existence of any biological evidence for testing, Figueroa was not entitled to DNA testing under chapter 64. Moreover, Figueroa's right to postconviction DNA testing arises solely under Texas law, and the denial of a motion for DNA testing does not implicate a federal constitutional violation.[1]  *See* 28 U.S.C. § 2254(a) (habeas relief is available to a state prisoner only on the ground that he is in custody in violation of the Constitution of laws or treatises of the United States); *Sykes v. Dretke*, No.3:02-CV-784-G, 2004 WL 1856826, at *8 (N.D. Tex. Aug. 19, 2004); *King v. Cockrell*, No. 3:02-CV-2197, 2002 WL 31906378, at *2 n.3 (N.D. Tex. Dec. 27, 2002). In habeas review, federal courts limit the issuance of the writ to those cases where there have been federal constitutional violations. *See Castillo v. Johnson*, 141 F.3d 218, 223 (5th Cir. 1998); *Mayo v. Lynaugh*, 882 F.2d 134, 137 (5th Cir. 1989).

## II.  RECOMMENDATION

Figueroa's petition for writ of habeas corpus under 28 U.S.C. §2254 should be denied.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's

---

[1] In his reply brief, Figueroa attempts to raise for the first time a federal constitutional claim by generally alleging that his rights under the Fifth, Sixth, and Ninth Amendments were violated by the destruction of the DNA evidence in his case, without notification, within eight days of his plea proceeding. (Pet'r Reply at 3.) Not only has Figueroa not exhausted this claim, he may not raise it for the first time in a reply to respondent's answer.

proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 3, 2004.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 26, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 5, 2005.

   /s/   Charles Bleil  
CHARLES BLEIL  
UNITED STATES MAGISTRATE JUDGE